IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> LOCAL 1190-S, <br> UNITED STEELWORKERS OF AMERICA, <br><br> Defendant. | Civil Action No. 2:12-cv-949 |

COMPLAINT

Plaintiff Hilda L. Solis, Secretary of Labor, alleges as follows:

NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring that the April 17, 2012 election of union officers conducted by Local 1190-S, United Steelworkers of America (Defendant) for the offices of President, Vice President, Financial Secretary, Recording Secretary, Treasurer, Trustee (3 positions), Guide, Inside Guard, and Outside Guard is void, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

1

## PARTIES

4. Plaintiff Hilda L. Solis is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Jefferson, Ohio, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act, 29 U.S.C. §§ 402(i), 402(j) and 481(b).

7. Defendant, purporting to act pursuant to its Bylaws and the International's Constitution conducted an election of officers on April 17, 2012, and this election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-484.

8. By undated letter and letter dated March 24, 2012, to the Defendant's Election Committee, the complainant, Dan Goodpaster, a member in good standing of the Defendant, filed a pre-election protest.

9. Goodpaster appealed the Defendant's Election Committee decision not to hear his protest to the International Secretary-Treasurer by letter dated May 3, 2012.

10. Having invoked the remedies available for three calendar months without receiving a final decision after invocation, the complainant filed a timely complaint with the Secretary of Labor on July 19, 2012, within the one calendar month required under section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

11.  By letter signed September 7, 2012, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to October 1, 2012.

12.  By letter signed September 24, 2012, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to October 15, 2012.

13.  Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's April 17, 2012 election; and (2) that such violations had not been remedied at the time of the institution of this action.

14.  The United Steelworkers Constitution requires that candidates must have attended 1/3 of their local union's regularly scheduled meetings in the 24 months prior to nominations for office.  Defendant has meetings twice a month.

15.  The United Steelworkers International authorized its Local Unions to waive the meeting attendance requirement in the event that a large percentage of its membership would be disqualified from seeking office.

16.  The practice of Defendant in its three most recent elections has been to take a vote at a membership meeting shortly before the nominations were opened as to whether it would apply the meeting attendance requirement for the upcoming election.  Defendant waived the requirement for its 2006 election, but applied the requirement in its 2009 election.

17.  At Defendant's March 6, 2012 regularly scheduled meeting, the members present voted in favor of applying the meeting attendance requirement to its 2012 elections. Nominations were held just two weeks later, at the March 20, 2012 regularly scheduled meeting.

18.  As a result of Defendant's decision to apply the meeting attendance requirement, over 96% of the members were ineligible to run for elected office.

19.  Defendant determined that member Dan Goodpaster, who was nominated for office and intended to run, was one of the members that did not meet the meeting attendance requirement.  However, minutes of the membership meetings for the previous two years show that Goodpaster attended over 1/3 of the meetings during that time period.

## CAUSE OF ACTION

20.  Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election by denying members in good standing the right to be nominated and run for office when Defendant enforced an unreasonable meeting attendance rule.

21.  Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), by incorrectly determining that Donald Goodpaster did not meet the meeting attendance requirement, thereby denying a member in good standing the right to be nominated and to run for office.

22.  The violations of section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of the Defendant's election for the offices of President, Vice President, Financial Secretary, Recording Secretary, Treasurer, Trustee (3 positions), Guide, Inside Guard, and Outside Guard.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring the Defendant's election for the offices of President, Vice President, Financial Secretary, Recording Secretary, Treasurer, Trustee (3 positions), Guide, Inside Guard, and Outside Guard to be void;

(b)  directing the Defendant to conduct a new election, with new nominations, for those offices under the supervision of the Plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

CARTER M. STEWART
UNITED STATES ATTORNEY


s/Christopher R. Yates
CHRISTOPHER R. YATES (0064776)
Assistant United States Attorney
Attorney for Plaintiff
303 Marconi Blvd., Suite 200
Columbus OH  43215-2326
(614) 469-5715
Fax: (614) 469-5240
Christopher.Yates@usdoj.gov

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

CHRISTOPHER B. WILKINSON
Associate Solicitor

SHARON E. HANLEY
Counsel for Labor-Management Program

Benjamin T. Chinni
Associate Regional Solicitor

KEIR BICKERSTAFFE
Attorney

U.S. Department of Labor