IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SETH D. HARRIS, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>LOCAL 1190-S,<br>UNITED STEELWORKERS OF AMERICA,<br><br>Defendant. | Civil Action No. 2:12-cv-00949<br><br>Judge Gregory L. Frost<br>Magistrate Judge Elizabeth P. Deavers |

## STIPULATION OF SETTLEMENT

Plaintiff, Seth D. Harris, Acting Secretary of Labor (the Secretary)[1], and Defendant, Local 1190-S, United Steelworkers of America (Local 1190-S), by and through their undersigned counsel, hereby stipulate and agree to settlement of this dispute as follows, and respectfully request that the court so order:

1. This action was brought by the Secretary pursuant to Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (as amended), 29 U.S.C. § 401, et seq., (Act or LMRDA), for the purpose of voiding the results of the April 17, 2012 election of union officers for the offices of President, Vice President, Financial Secretary, Recording Secretary, Treasurer, Trustee (3 positions), Guide, Inside Guard, and Outside Guard conducted by Local 1190-S and requesting a new election under the supervision of the Secretary of Labor.

2. In her complaint the Secretary contends that Local 1190-S violated:

---

[1] Pursuant to F.R.C.P. 25(d), Plaintiff substitutes the Acting Secretary of Labor, Seth Harris, who has been designated to fill the position held by Hilda Solis, who recently resigned from the position of Secretary.

    a. section 401 (e) of the LMRDA, 29 U.S.C. § 481(e), during the conduct of the aforesaid election by denying members in good standing the right to be nominated and run for office when Local 1190-S enforced an unreasonable meeting attendance rule.

    b. section 401 (e) of the LMRDA, 29 U.S.C. § 481(e), by incorrectly determining that Daniel Goodpaster did not meet the meeting attendance requirement, thereby denying a member in good standing the right to be nominated and run for office.

3. Local 1190-S does not admit that it violated any of the aforementioned provisions of Title IV in its April 17, 2012 election.

4. The Parties, in settlement of this action, hereby stipulate and agree that, if it has not been merged into another, larger United Steelworkers of America local or terminated by December 31, 2013, Local 1190-S will, as an aspect of lifting the trusteeship imposed on Local 1190-S by the International United Steelworkers of America on November 9, 2012, conduct, under the supervision of the Secretary of Labor, new nominations and a new election for the offices of President, Vice President, Financial Secretary, Recording Secretary, Treasurer, Trustee (3 positions), Guide, Inside Guard, and Outside Guard, to be completed no later than July 31, 2014. Local 1190-S will install the new officers pursuant to the United Steelworkers of America Constitution and the Local 1190-S Bylaws no later than August 15, 2014.

5. The supervised election shall be conducted in accordance with Title IV of the Act (29 U.S.C.' 481, et seq.) and, insofar as lawful and practicable, in accordance with the Constitution of the United Steelworkers of America and the Bylaws of Local 1190-S.

6. All decisions as to the interpretation or application of Title IV of the LMRDA, and the United Steelworkers of America Constitution and Local 1190-S bylaws relating to the supervised election are to be determined by the Secretary and her decision shall be final, except as subject to review in this court.

7. By this agreement, Local 1190-S acknowledges that the Secretary of Labor will not certify the election to the Court, as described in Paragraph 8, below, until: (1) the newly elected officers are installed in office pursuant to the Constitution of the United Steelworkers of America and the Bylaws of Local 1190-S and, (2) the United Steelworkers of America have terminated the trusteeship over Local 1190-S, evidenced by a properly completed Form LM-16, Terminal Trusteeship Report filed with the Department of Labor's Office of Labor-Management Standards.

8. The Court shall retain jurisdiction of this action, and after completion of the supervised election plaintiff shall certify to the Court the name of the persons so elected, and that such election was conducted in accordance with Title IV of the Act, and insofar as lawful and practicable, in accordance with the provisions of the Defendant's Constitution and Bylaws.  Upon approval of such certification, the Court shall enter a Judgment declaring that such persons have been elected as shown by such certification to serve a three-year term.

9, Upon approval of the certification, the Court shall enter a Judgment declaring that the persons identified in the certification have been elected, and further providing that each party shall bear its own costs, including attorney's fees, and other expenses incurred by the party in connection with any stage of this proceeding.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

CARTER M. STEWART
UNITED STATES ATTORNEY


| s/Christopher R. Yates | s/Timothy F. Cogan |
|---|---|
| CHRISTOPHER R. YATES (0064776) | TIMOTHY F. COGAN (0011494) |
| Assistant United States Attorney | PATRICK S. CASSIDY (0011493) |
| Attorney for Plaintiff | Cassidy, Myers, Cogan & Voegelin, L.C. |
| 303 Marconi Blvd., Suite 200 | Attorneys for Defendant |
| Columbus OH  43215-2326 | The First State Capitol |
| (614) 469-5715 | 1413 Eoff Street |
| Fax: (614) 469-5240 | Wheeling WV  26003 |
| Christopher.Yates@usdoj.gov | (304) 232-8100 |
| | Fax: (304) 232-8200 |
| | tfc@cmcvlaw.com |
| | pcassidy@cmcvlaw.com |

4

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

CHRISTOPHER B. WILKINSON
Associate Solicitor

CLINTON WOLCOTT
Counsel for Labor-Management Program

BENJAMIN T. CHINNI
Associate Regional Solicitor

KEIR BICKERSTAFFE
Attorney

U.S. Department of Labor

5