**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SETH D. HARRIS, Acting Secretary of Labor,
United States Department of Labor,**

            **Plaintiff,**

**v.**

**LOCAL 1190-S, UNITED STEELWORKERS
OF AMERICA,**

            **Defendant.**

**Case No. 2:12-cv-949
JUDGE GREGORY L. FROST
Magistrate Elizabeth Preston Deavers**

## <u>ORDER</u>

This matter is before the Court on a "Stipulation of Settlement" filed by the parties in this matter.  (ECF No. 13.)  The parties request that the Court enter an Order incorporating the terms of the parties' Stipulation of Settlement.  As such, the Court construes the "Stipulation of Settlement" as a joint motion asking for the relief sought.

The Court **GRANTS** the parties' motion.  Pursuant to the terms of the Stipulation, the Court orders as follows:

1.      If it has not been merged into another, larger United Steelworkers of America local or terminated by December 31, 2013, Local 1190-S will, as an aspect of lifting the trusteeship imposed on Local 1190-S by the International United Steelworkers of America on November 9, 2012, conduct, under the supervision of the Secretary of Labor, new nominations and a new election for the offices of President, Vice President, Financial Secretary, Recording Secretary, Treasurer, Trustee (3 positions), Guide, Inside Guard, and Outside Guard, to be completed no later than July 31, 2014. Local 1190-S will install the new officers pursuant to the

1

United Steelworkers of America Constitution and the Local 1190-S Bylaws no later than August 15, 2014.

2.      The supervised election shall be conducted in accordance with Title IV of the Act (29 U.S.C. ' 481, et seq.) and, insofar as lawful and practicable, in accordance with the Constitution of the United Steelworkers of America and the Bylaws of Local 1190-S.

3.      All decisions as to the interpretation or application of Title IV of the LMRDA, and the United Steelworkers of America Constitution and Local 1190-S bylaws relating to the supervised election are to be determined by the Secretary and her decision shall be final, except as subject to review in this court.

4.      Local 1190-S acknowledges that the Secretary of Labor will not certify the election to the Court, as described in Paragraph 8, below, until: (1) the newly  elected officers are installed in office pursuant to the Constitution of the United Steelworkers of America and the Bylaws of Local 1190-S and, (2) the United Steelworkers of America have terminated the trusteeship over Local 1190-S, evidenced by a properly completed Form LM-16, Terminal Trusteeship Report filed with the Department of Labor's Office of Labor-Management Standards.

5.      The Court shall retain jurisdiction of this action, and after completion of the supervised election plaintiff shall certify to the Court the name of the persons so elected, and that such election was conducted in accordance with Title IV of the Act, and insofar as lawful and practicable, in accordance with the provisions of the Defendant's Constitution and Bylaws. Upon approval of such certification, the Court shall enter a Judgment declaring that such persons have been elected as shown by such certification to serve a three-year term.

6.      Upon approval of the certification, the Court shall enter a Judgment declaring that the persons identified in the certification have been elected, and further providing that each party shall bear its own costs, including attorney's fees, and other expenses incurred by the party in connection with any stage of this proceeding.

7.      The Clerk of this Court shall **ADMINISTRATIVELY CLOSE** this action pending Plaintiff's certification as described herein.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE